IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESSE JACKSON                                                                                    PLAINTIFF

VS.                                                              CIVIL ACTION NO. 3:18-CV-834-DPJ-FKB

UNIT MANAGER
CHRISTOPHER CURRY, ET AL.                                                          DEFENDANTS

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendants' Motion to Dismiss [29] and Plaintiff's Motions for Summary Judgment. *See* [33], [37]. Plaintiff originally filed this action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 28 U.S.C. § 1331. For the reasons explained below, the undersigned recommends that Defendants' Motion to Dismiss be denied without prejudice and that Plaintiff's Motions for Summary Judgment be denied without prejudice. In addition, if the District Court adopts this Report and Recommendation, the undersigned recommends that Plaintiff be given fourteen (14) days from the Report and Recommendation's adoption to file a motion to amend, accompanied by a proposed amended complaint.

I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Jesse Jackson, Bureau of Prisons ("BOP") Register Number 09881-003, is currently incarcerated at the Federal Correctional Institution located at Bennettsville, South Carolina ("FCI-Bennettsville"). Jackson's claims arise from events that allegedly transpired between July 2010 and January 2018, while he was incarcerated at FCI Yazoo Low, a low security federal correctional institution located at Yazoo City, Mississippi. [1-1] at 4. Jackson alleges that he experienced unconstitutional prison conditions during his incarceration at FCI

Yazoo Low, including unsanitary bathroom conditions due to over-crowding. *Id.* at 1-14. He seeks monetary compensation, claiming that he suffered physical and psychological injuries from these conditions. *Id.* Defendants in this action are Unit Manager Christopher Curry, Warden Larry Shultz, and Warden Mosley. Other defendants remain unserved. *See* [20], [21], [22], and [23].[1]

Plaintiff asserts that he initiated this round of the Administrative Remedy process on his *Bivens* claims after he was transferred to FCI-Bennettsville in the spring of 2018. *See generally* [1-1] at 16-18, 34-42. After pursuing his *Bivens* claims at the BOP's local, regional, and central levels, the sequence of which is not entirely clear from the record, Jackson filed this action on November 21, 2018. *Id.* at 15.

Meanwhile, Jackson also pursued FTCA claims based on the same factual allegations he presented in his Administrative Remedy claims. *See* [1-6]. On November 20, 2018, the BOP denied Jackson's FTCA claims and advised him that he had six months from that date to file a civil lawsuit in federal court. *Id.* at 3.

In his November 21, 2018, 42-page "Complaint and Affidavit," Jackson specifically invokes *Bivens* and describes the action as a "Civil Rights Complaint" seeking redress of

---

[1] This is not the first time that Plaintiff has attempted to litigate these claims. In *Jackson v. Blackman*, Civil Action No. 3:16cv752-DPJ-FKB (S.D. Miss. filed Sept. 26, 2016), Jackson sought recovery of damages based on *Bivens* for Eighth Amendment violations stemming from a June 2014 power outage and allegedly overcrowded and poor bathroom sanitation conditions. *See Jackson*, Compl., [1] at 14-15. Defendants in that action were Thomas Kane, Acting Director of the BOP; Bruce E. Blackman, Warden of FCI Yazoo Low; and Christopher Curry, Unit Manager at FCI Yazoo Low. The Court dismissed the case because Jackson failed to exhaust his administrative remedies related to those claims. Specifically, the Court observed that despite being instructed that his administrative remedy request failed to comply with applicable rules of the program, Jackson persisted in filing substantially the same request, with the same deficiencies, at every step in the appeals process. *See id.* at R. & R., [28] at 4-5. The Court concluded that Jackson did not properly exhaust his administrative remedies and dismissed that action without prejudice, so that Jackson could properly exhaust. *See id.* at Order, [30] at 3.

constitutional violations. [1-1] at 1, 3. He broadly asserts that Defendants violated his Eighth Amendment rights when they subjected him to unsanitary bathroom conditions due to an over-crowded facility. *Id.* at 4-10. More specifically, he complains that Defendants subjected him to leaking plumbing and raw sewage in his unit's bathroom. *Id.* While he mentions exhaustion of his "Tort Claim" or "Tort Claims" in a mere four sentences in his extensive pleading, *see id.* at 4, 12, he devotes the rest of his complaint to broad claims of unconstitutional conditions, *i.e.*, unsanitary bathroom conditions in his unit at FCI-Yazoo Low.

In response to the complaint, Defendants filed a Motion to Dismiss, arguing, *inter alia*, that Plaintiff has failed to exhaust his administrative remedies with regard to his constitutional claims. [30] at 6. Plaintiff responded with a Cross-Motion for Summary Judgment [33], to which Defendants filed a Rebuttal [36]. Plaintiff filed a Sur-Reply [37], in which he argues that he has exhausted his administrative remedies as to his constitutional claims. With these filings, Plaintiff also argues that he has articulated FTCA claims in his complaint and, therefore, he is now pursuing claims against the United States. [33] at 5; [37] at 2.

## II. DISCUSSION

Defendants have moved for dismissal of Plaintiff's *Bivens* claims based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. [30] at 8. Defendants argue, *inter alia*, that Plaintiff's Bivens *claims* should be dismissed for failure to exhaust administrative remedies. Because the Court relies on evidence submitted outside of the pleadings, Defendants' motion is converted to a motion for summary judgment. *See Dillon v. Rogers*, 596 F.3d 260, 271 (5th Cir. 2010). Under Rule 56 of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no

3

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Having considered the filings, the undersigned finds that Defendants' motion for summary judgment should be denied without prejudice. As to the issue of exhaustion of Plaintiff's *Bivens* claims, the timing and sequence of Plaintiff's appeals is less than clear. Defendants fail to provide assistive interpretation of the records they submitted with the motion. Based on an unaided interpretation of the records, as well as Plaintiff's filings, it appears that the time for administrative replies could possibly have expired, thus allowing Plaintiff to proceed properly to the next level of appeal. *See* 28 C.F.R. §542.18 ("If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level.").[2] However, the Court cannot absolutely discern this from the record. Therefore, because Defendants' motion fails to show the absence of a genuine issue of material fact as to whether Plaintiff exhausted, the undersigned recommends that the motion be denied without prejudice. *See John v. State of Louisiana*, 757 F.2d 698, 708 (5th Cir. 1985)(finding that if the defendant fails to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied). For the same reasons, Plaintiff's motions, [33] and [37], should be denied without prejudice.

Additionally, the Court finds that Plaintiff should be allowed to amend his complaint to provide a more definite statement of his *Bivens* claims. *See* 28 U.S.C. § 1915A; Fed. R. Civ. P.

---

[2] Based on documents in the record, it appears that Jackson appealed to the Regional Office, which received his appeal on June 25, 2018. *See* [1-1] at 30. However, the Regional Office did not respond until October 2, 2018, well beyond the deadline provided in the Administrative Remedy Program rules. *See* 28 C.F.R. § 542.18 (requiring response from Regional Director within 30 days or, with an extension, 60 days.) Further, it appears that Jackson later appealed to the Central Office, which received his appeal on August 20, 2018 (more than 30 days after he appealed to the Regional Office). [1-1] at 18. But the Central Office rejected Jackson's appeal stating, "You submitted your . . . appeal to the wrong level. You should have filed at the Regional Office." *Id.*

4

8, 12(e).  While his complaint is quite lengthy, Plaintiff fails to state precise claims and supporting facts against each defendant.

Likewise, Plaintiff has failed to articulate his FTCA claims.  While the Court is required to liberally construe *pro se* pleadings, *Perez v. U.S.,* 312 F.3d 191, 194-95 (5th Cir. 2002), the Court is not required to search for or try to create causes of actions for *pro se* plaintiffs. *Borninski v. Williamson,* 3:02-cv-1014-L, 2005 WL 1206872, at *9 (N.D.Tex. May 17, 2005). Although Plaintiff referenced pursuit of a "Tort Claim" or "Tort Claims" in four sentences within his 42-page complaint, he failed to articulate any FTCA claims or allege the particular facts supporting his FTCA claims in his complaint.  *See* Fed. R. Civ. P. 8.

### III. CONCLUSION

For these reasons, the undersigned recommends that Defendants' Motion to Dismiss [29] and Plaintiff's Motions for Summary Judgment, [33], [37], be denied without prejudice.  The undersigned also recommends that, in the event the District Court adopts the Report and Recommendation, Plaintiff be given fourteen (14) days from the date of the Order of adoption to file a motion to amend, attaching thereto a proposed amended complaint alleging a "short and plain statement" of his *Bivens* and FTCA claims as to each defendant, with supporting facts as to each defendant.  *See* Fed. R. Civ. P. 8.  Any response by Defendants should be governed by the Federal Rules of Civil Procedure.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal

conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      SO ORDERED, this the 14th day of August, 2020.

                                          /s/ F. Keith Ball
                                       UNITED STATES MAGISTRATE JUDGE