UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESSE JACKSON                                                                                              PLAINTIFF

V.                                                          CIVIL ACTION NO. 3:18-CV-834-DPJ-FKB

WARDEN BRUCE E. BLACKMAN, ET AL.                                                 DEFENDANTS

ORDER

Plaintiff Jesse Jackson, a federal inmate, says he endured sub-standard prison conditions while housed at FCI Yazoo City Low. Defendants Unit Manager Christopher Curry, Warden Larry Shultz, and Warden Mosley filed a motion to dismiss [29], and Jackson filed a pair of summary-judgment motions [33, 37].[1]

The case is before the Court on the Report and Recommendation [39] of United States Magistrate Judge F. Keith Ball, who recommended denying all three motions and allowing Jackson to file a motion to amend his Complaint to better articulate the facts supporting his claims. Defendants Curry, Shultz, and Mosley filed an Objection [40], and Jackson also appears to have filed an Objection [41], although he titled the filing "Motion Requesting Summary Judgement."[2]

---

[1] Jackson also named Warden Bruce E. Blackman, Unit Manager Hooks, Warden B. Pearson, and Unit Manager Mrs. Israel. These Defendants have not been served, and Jackson voluntarily dismissed all claims against them. *See* R&R [39] at 2 (citing Summonses Returned Unexecuted [20, 21, 22, 23]); Pl.'s Resp. [26] at 2 (voluntarily dismissing certain Defendants).

[2] The Court construes the third summary-judgment motion as an objection because in it, Jackson takes issue with the R&R and he filed no other objections. That said, if the Court were to consider the filing as a motion for summary judgment, it would be denied because fact questions exist.

I.  Background

Between July 2010 and January 4, 2018, Jackson was housed at FCI Yazoo City Low. Compl. [1-1] at 4. During that time, he "experienced unsafe and unsanitary living conditions such as raw sewage . . . constantly back[ing] up in the bathroom from the [u]rinals & [t]oilets and up through the drains in the shower." *Id.* Additionally, he alleges that "[r]aw [s]ewage also leak[ed] down on Plaintiff Jackson['s] head and every other inmate[']s head." *Id.* These leaks caused "bacteria, mold, and mildew which are prevalent throughout the bathroom area." *Id.*

Jackson alleges that he told each Defendant about these problems. *Id.* at 5–8. Despite voicing his concern to them, Jackson avers Defendants "ignore[d] these issues" and "refuse[d] to correct the problems." *Id.* at 8. Thus, Jackson asserts that the issues raised in his complaints were "left uncorrected with a [m]alicious intent to violate Plaintiff's Constitutional Eighth Amendment Right which prohibits Cruel and Unusual Punishment[.]" *Id.* at 5. In addition to these *Bivens*-type constitutional claims, Jackson also pleaded that he exhausted administrative remedies for filing a "Tort Claim." *Id.* at 12. Defendants moved to dismiss the complaint on jurisdictional and substantive grounds.

II.  Report and Recommendation

Judge Ball framed the issues as follows: "Defendants have moved for dismissal of Plaintiff's *Bivens* claims based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. [30] at 8. Defendants argue, *inter alia*, that Plaintiff's Bivens *claims* [sic] should be dismissed for failure to exhaust administrative remedies." R&R [39] at 3. He then converted Defendants' motion to dismiss to one for summary judgment because it was necessary to "rel[y] on evidence submitted outside of the pleadings." *Id.*

2

Under the summary-judgment standard, Judge Ball found that there existed "a genuine issue of material fact as to whether Plaintiff exhausted" his claims. *Id.* at 4. Specifically, he said "the timing and sequence of Plaintiff's appeals is less than clear" and "it appears that the time for administrative replies could possibly have expired, thus allowing Plaintiff to proceed properly to the next level of appeal." *Id.*

Additionally, Judge Ball observed that while Jackson had referenced "Tort Claims" in his Complaint, "he failed to articulate any [Federal Tort Claims Act (FTCA)] claims or allege the particular facts supporting his FTCA claims in his complaint." *Id.* at 5. As a result, Judge Ball recommended that "Plaintiff be given fourteen (14) days from the date of the Order of adoption to file a motion to amend, attaching thereto a proposed amended complaint alleging a 'short and plain statement' of his *Bivens* and FTCA claims as to each defendant, with supporting facts as to each defendant." *Id.* (quoting Fed. R. Civ. P. 8).

III.    Defendants' Objection

Defendants Curry, Shultz, and Mosley take no issue with Judge Ball's rejection of their exhaustion argument, but they fault the R&R for failing to address their alternative arguments for dismissal. Obj. [40] at 4. In particular, they say the magistrate judge should have considered their arguments that (1) "[t]he Court lacks subject-matter jurisdiction over Defendants for any official-capacity claims"; (2) "[t]he complaint fails to state a claim against Defendants because the factual allegations are vague and conclusory"; and (3) "Defendants are entitled to qualified immunity." Defs.' Mem. [30] at 4, 9, 14. Defendants are correct that the R&R did not address these issues, so the Court does so now.

A.     *Bivens* Claims

As Defendants note, this Court lacks jurisdiction to hear Jackson's *Bivens* claims. "A federal inmate may assert a constitutional challenge to the conditions of his confinement under *Bivens*." *Brown v. Laughlin*, No. 5:12-CV-41-DCB-RHW, 2012 WL 1365221, at *2 (S.D. Miss. Apr. 19, 2012) (citing *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388, 395–97 (1971)). "In order to state a *Bivens* claim, Plaintiff must allege that an individual acting under federal law deprived Plaintiff of a right secured by the United States Constitution." *Id.* Here, Jackson says Defendants' conduct violated his rights under the Eighth Amendment.

Jackson's Complaint names multiple officers as defendants, including Curry, Shultz, and Mosley. Compl. [1-1] at 1. But he never specifies whether his claims are brought against those Defendants in their individual capacities, official capacities, or both. In his response to Defendants' motion, however, Jackson maintains that he "is not suing the Defendants in their individual capacities." Pl.'s Resp. [33] at 5. Rather, he asserts that "this civil action . . . is against the United States . . . for personal injuries caused by government employees." *Id.* At the same time, Jackson cites *Bivens* and says "this is not an official-capacity claim against the Defendant[,] this claim is against the employer the United States." Pl.'s Mem. [37] at 1–2. Jackson again confirms his desire to sue the United States in his Objection, observing that he "never once mention[ed] suing these defendants in the[ir] individual capacities." Pl.'s Obj. [41] at 5.

Jackson's Complaint and subsequent arguments therefore reveal that he intended to sue the United States, though he did not name it as a defendant. This is permissible. Suing an officer in his orher official capacity is a recognized "way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting

4

*Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). In other words, Jackson sued the United States by bringing official-capacity claims against the officers; there are no individual-capacity claims.

Although Jackson has now clarified who he is suing, his clarification dooms his *Bivens* claim. Jackson "may bring a *Bivens* action against individual officers for a[n] alleged constitutional violation, but he may not bring an action against the United States, the [Bureau of Prisons (BOP)], or BOP officers in their official capacities as such claims are barred by the doctrine of sovereign immunity." *Gibson v. Fed. Bureau of Prisons*, 121 F. App'x 549, 551 (5th Cir. 2004) (citing *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71–72 (2001); *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Because Jackson asserts only official-capacity claims under *Bivens*, the claims must be dismissed based on sovereign immunity. *Id.* And the same would be true had he expressly named the United States as a defendant. *Id.* Accordingly, Jackson's *Bivens* claims are dismissed.[3]

B.   Tort Claims

Defendants also object to Judge Ball's conclusion that Jackson should be allowed to seek leave to amend his Complaint under the FTCA, arguing first that Jackson "has not presented such a claim in his complaint." Defs.' Reply [36] at 5 n.3. As Judge Ball noted, however, courts must liberally construe pro se pleadings. *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). Moreover, the failure to use the correct legal description will not result in dismissal. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (holding that "[h]aving informed the city of the

---

[3] Because any *Bivens* claims are dismissed on this ground, the Court need not address Defendants' other arguments.

factual basis for their complaint, [plaintiffs] were required to do no more to stave off threshold dismissal for want of an adequate statement of their claim").

Here, Jackson's Complaint does not expressly allege an FTCA claim, but it appears that he intended to. Jackson at least references a "Tort Claim" in this pleading. Compl. [1-1] at 12. And his factual allegations could reasonably be viewed as asserting negligent acts. *See, e.g.*, *id.* at 6 (averring that conditions at prison were "a direct result of this facility being negligently over populated"). Finally, in his most recent filing, Jackson says "this [is] a[n] (FTCA) suit." Pl.'s Obj. [41] at 6.

Defendants alternatively respond that if Jackson "were to assert an FTCA claim now, such claim would be untimely." Defs.' Reply [36] at 5 n.3. True, if Jackson were to file an FTCA complaint today, it would be untimely. "A tort claim against the United States shall be forever barred unless . . . action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

But Jackson filed his Complaint the day after his administrative-tort claim was denied. *See* Compl. [1-1] at 15 (filed November 21, 2018); Denial Letter [1-6] at 3 (dated November 20, 2018). So, his original Complaint was timely and arguably encompassed a plausible negligence claim, even if he did not label it as such. Regardless, as discussed next, Jackson is entitled to seek leave to amend his Complaint to better specify the claims against the individual defendants.

As the Fifth Circuit has noted, "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so." *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir. 2000) (citation omitted). So even if the negligence

6

claim was insufficiently pleaded in some respect, the Court would still need to consider whether the amendment should relate back under Federal Rule of Civil Procedure 15(c). Accordingly, the motion to dismiss should be denied.

IV.     Jackson's Objection

Although Jackson's most recent filing primarily restates arguments he previously presented in his other motions, he also appears to object to Judge Ball's finding that "Plaintiff fails to state precise claims and supporting facts against each defendant." R&R [39] at 5. Specifically, Jackson says he "went into great detail about each and ever[y] defendant." Pl.'s Obj. [41] at 7. He also says "[t]he Court gave the Plaintiff (14) days to submit an amendment, [and] this is that amendment." *Id.*

In his Objection, Jackson lays out each Defendant's acts and omissions and discusses the FTCA. *See id.* at 2–6. Jackson asserts that he "notif[ied] the Defendants Warden Larry Shultz, Warden Mosley, and Unit Manager Christopher Curry about the rash and other infections that [were] a direct result of the leaky sewage pipes" and asked them "what could have been done to correct these issues." *Id.* at 4. They allegedly "did nothing." *Id.*; *see also id.* at 5 ("The Defendants were informed . . . [that] the Plaintiff Jackson face[d] substantial risk of serious harm and disregard[ed] that risk by failing to take reasonable measure[s] to abat[e] it. [They] [d]id nothing at all[,] resulting in rashes and other kind[s] of infections[.]").

Negligent acts by government employees can give rise to an FTCA claim. *See* 28 U.S.C. § 1346(b)(1). But at this point, Jackson neither pleaded an FTCA claim by name nor provided the factual detail he mentions in his Objection. The Objection itself does not count as an amended pleading.

7

This is similar to what happened in *Johnson v. City of Shelby*, where a represented plaintiff asserted facts that would support a claim under 42 U.S.C. § 1983 but failed to reference the statute. 574 U.S. at 12. The Supreme Court held that dismissal was improper but added that the plaintiff "should be accorded an opportunity to add to their complaint a citation to § 1983." *Id.* So too here, Jackson should be allowed to seek leave to amend his Complaint by expressly referencing the FTCA claim and providing the additional details he mentions in his Objection. The Court adopts Judge Ball's recommendation to allow Jackson 14 days from today to file a motion to amend the Complaint.

V.     Conclusion

In sum, the Court finds the R&R [39] should be adopted in part and rejected in part. As to Plaintiff, the Court adopts the R&R to the extent it denies Jackson's motions for summary judgment and to the extent that it allows Jackson 14 days to seek leave to amend his Complaint to identify the specific negligent or wrongful acts or omissions of each Defendant. As to Defendants, the Court adopts the R&R to the extent it denies Defendants' motion to dismiss any claims as unexhausted and rejects the R&R to the extent it denies Defendants' motion to dismiss Jackson's *Bivens* claims.

Accordingly, Defendants' motion to dismiss [29] is granted as to any *Bivens* claims but is otherwise denied. Jackson's motions for summary judgment [33, 37] are denied. The Clerk is directed to alter the docketing of Jackson's "Motion Requesting Summary Judgment" [41], by designating it as an Objection.

Jackson has fourteen (14) days to file a motion to amend his Complaint. The motion should include an attached Proposed Amended Complaint that clearly details his FTCA claim

and the supporting facts as to each Defendant.[4]  Failure to do so could result in an order dismissing the remaining claims for failure to follow Court orders and failure to prosecute.

**SO ORDERED AND ADJUDGED** this the 11th day of September, 2020.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Judge Ball granted Defendants' motion to stay their obligation to respond to Jackson's "Motion Requesting Summary Judgement."  Because the Court has directed the Clerk to re-designate that filing as Jackson's Objection, no response is necessary, and the stay is lifted.