IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESSE JACKSON                                                                                              PLAINTIFF

VS.                                                                    CIVIL ACTION NO.  3:18-cv-834-DPJ-FKB

UNITED STATES OF AMERICA                                                                        DEFENDANT

**REPORT AND RECOMMENDATION**

Before the Court is the Motion to Dismiss [53] filed by Defendant United States of America.  Plaintiff Jesse Jackson filed a Response [59], to which the United States filed a Reply [60].  Without leave of Court, Jackson made identical filings labeled as "motions," which the Court interprets as unauthorized surrebuttals, which will not be considered.  *See* [61], [62].  At this stage of the proceedings, Plaintiff's claims have been narrowed to ones brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a).  *See* [43] at 5.[1]  For the reasons explained in this Report and Recommendation, the Court finds that the Motion to Dismiss should be granted, and this matter should be dismissed.

I.      PROCEDURAL HISTORY AND CLAIMS

Plaintiff Jesse Jackson is currently incarcerated at the Federal Correctional Institution located at Oakdale, Louisiana.  As previously recounted in a Report and Recommendation [39], Jackson's claims arise from events that allegedly transpired between July 2010 and January 2018, while he was incarcerated at FCI Yazoo Low, a low security federal correctional institution located in Yazoo City, Mississippi.

---

[1] The Order [43] dismissed Plaintiff's claims brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331.  The Order [43] also gave Jackson leave to file a Motion to Amend his complaint to state his FTCA claim.  [43] at 8.  Plaintiff filed a Motion to Amend [47], which the Court granted and later construed as his amended complaint.  *See* Text Only Order 6/4/21; [51].  The Motion [47] was not a motion for summary judgment, as Plaintiff now asserts.  *See* [59] at 1, 9.

In his Amended Complaint [51], he continues to allege that Warden Mosely, Warden Shultz, and Unit Manager Curry allowed unsanitary bathroom conditions to exist at his unit for several years, even though he informed them verbally and through administrative remedies. [51] at 2-3.  Jackson asserts that these conditions caused him to suffer an infection that was treated with medication. *Id.* at 2.  He argues that the conditions could have been remedied if Mosely, Shultz, and Curry had (1) moved the affected inmates in his unit to an empty federal penitentiary located across the street; (2) fixed the plumbing issues; (3) moved the affected inmates to another dorm within FCI-Yazoo Low; (4) allowed affected inmates to use another bathroom; or (4) closed the toilets and installed port-a-potties outside the unit.  [51] at 2-5, 7.  Jackson attributes the bathroom plumbing issues "to the over-crowding at the Bravo one unit and the facility as a whole."  [1-1] at 4.

As for legal claims, Jackson alleges that "Defendants acted with a knowledgeable and willful harm against the Plaintiff and in violation of the United States Constitution's Eighth Amendment which prohibits cruel and unusual punishment [in] conditions of confinement."  [51] at 5.  He alleges that he suffered "serious physical and mental injury due to the continuing conditions of confinement" and that he was subjected to "cruel and unusual punishment within the meaning of the Eig[hth] Amendment."  *Id.* at 6.  Even so, he reiterates that "[t]his is an (FTCA) suit against the United State[s] Government."  *Id.* at 5.

II.   RELEVANT STANDARDS

Defendant has moved for dismissal of Plaintiff's claims under the FTCA for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(b)(1).  Defendant also argues that the complaint fails to state a claim because it was not filed within the FTCA's two-year limitations period.  *See* Fed. R. Civ. P. 12(b)(6).  "When a Rule 12(b)(1) motion is filed in conjunction with

2

other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, the Court will proceed with a review based on Rule 12(b)(1).

When considering a motion under Rule 12(b)(1), "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof,* 241 F.3d 420, 424 (5th Cir.2011). In this case, the Court will examine the allegations of the complaint alone, which are presumed true at this juncture, "'to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction.'" *Lineberry v. United States*, No. 3:08-cv-0597-G, 2009 WL 763052 (N.D. Tex. Mar. 23, 2009)(quoting *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998), *aff'd*, 199 F.3d 279 (2000)). "The plaintiff constantly bears the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879.

III.   DISCUSSION

Under the FTCA, the United States has consented to be sued for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). This limited waiver of sovereign immunity "is jurisdictional in nature so that if the action is barred, the Court lacks subject matter jurisdiction over plaintiff's claim." *Johnson v. United States*, 2000 WL 968795, *2 (D. Kan. June 27, 2000)(citing *Bradley v. United States*, 951 F.2d 268, 270 (10th Cir. 1991)). "Courts must strictly construe all waivers of the federal government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign."

*Linkous v. United States*, 142 F.3d 271, 275 (5th Cir. 1998)(citing *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)).

There is, however, a "discretionary function" exception to 28 U.S.C. § 2680(a). The discretionary function exception provides that the waiver of immunity does not apply to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). Thus, the discretionary function exception withdraws the FTCA's waiver of sovereign immunity in situations in which, even though a government employee's actions may have been actionable under state tort law, those actions were within the discretion committed to that employee under federal statute, regulation, or policy. *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010).

The Supreme Court has developed a two-part test for determining whether agency conduct qualifies as a discretionary function or duty. *See United States v. Gaubert*, 499 U.S. 315, 322-323 (1991). Under the first prong, the conduct must be discretionary in nature or a "matter of choice for the acting employee." *Berkovitz v. United States*, 486 U.S. 531 (1988). Moreover, it is the "nature of the conduct, rather than the status of the actor" that determines whether the exception applies. *Gaubert*, 499 U.S. at 322 (citations omitted). "If a statute, regulation, or policy leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary." *Spotts*, 613 F.3d at 567 (citing *Gaubert*, 499 U.S. at 329).

Under the second prong of the test, the court "must still decide whether the 'judgment is of the kind that the discretionary function exception was designed to shield.'" *Id.* at 568 (quoting

4

*Gaubert*, 499 U.S. at 322-323)(other citations omitted). "Because the purpose of the exception is to 'prevent judicial "second guessing" of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort,' when properly construed, the exception 'protects only governmental actions and decisions based on considerations of public policy." *Gaubert*, 499 U.S. at 322-323 (citations omitted). Thus, "[w]hen established government policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324.

Under 18 U.S.C. § 4042(a), the Federal Bureau of Prisons is required "to provide for the safekeeping, care, and subsistence of all federal prisoners, but does not indicate the manner in which the duty must be fulfilled." *Spotts*, 613 F.3d at 567. Put another way, "because § 4042 does not prescribe a specific course of action, the BOP has discretion to decide how best to fulfill its duty." *Huff v. Neal*, 555 F. App'x 289, 298 (5th Cir. 2014). The *Huff* court pointed out that "[a]lthough § 4042 mandates that the BOP ensure the safekeeping of inmates, the Supreme Court has observed that a prison's internal security is normally left to the discretion of prison administrators." *Id.* (citing *Whitley v. Albers*, 475 U.S. 312, 321-322)(1986)). The Fifth Circuit agrees with "other circuits that have held that neither § 4042's mandate to protect prisoners nor the prohibition against cruel and unusual punishment defines a non-discretionary course of action specific enough to render the discretionary function exception inapplicable." *Campillo v. United States Penitentiary Beaumont*, 203 F. App'x 555, 557 (5th Cir. 2006)(citations omitted).

Courts in this circuit have determined that the discretionary function exception applies in cases in which federal prisoners allege injuries based on conditions of confinement,

5

overcrowding, and failure to protect them from harm pursuant to the FTCA. *See Huff*, 555 F. App'x at 289 (FTCA claim related to housing decisions allegedly resulting in an attack); *Nichols v. United States*, No. MO:19-cv-001-DC, 2021 WL 1746374, *5 (W.D. Tex. Mar. 24, 2021)(on appeal)(FTCA claims of negligence related to (1) hiring, retaining, and training employees; (2) procedures and policies related to infectious diseases; (3) maintaining care, custody and control of inmates and plaintiff; (4) choosing a sub-contractor jail for housing; (5) securing and moving plaintiff; and (6) placement in facility inadequate to meet his medical needs.); *Lineberry,* 2009 WL 763052 (FTCA claim alleging improper placement in a facility, inadequate staffing, overcrowding leading to an attack); *see also Spotts*, 613 F.3d at 568 (noting that plaintiffs did not dispute that warden's decision not to evacuate prison in advance of hurricane "fell within the bounds of discretion committed to him for the administration of prisoners under" § 4042(a)).

      Plaintiff's FTCA claims of overcrowding, which led to ailing plumbing, unsanitary bathroom conditions, and an infection that was treated by medical personnel, are governed by the foregoing line of cases. Based on those courts' applications of the *Gaubert* test, 18 U.S.C. § 4042(a) gave the FCI-Yazoo Low wardens and unit manager discretion to make their decisions regarding housing and placement of inmates. *See also Overton v. Bazzetta*, 539 U.S. 126, 132 (2003)("We must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them."); *Pena Arita v. United States*, 470 F. Supp. 3d 663, 691 (S.D. Tex. 2020)(noting in context of FTCA action that court should "generally defer to the expertise of prison officials and is not to substitute its judgment for the considerations of such officials"). Accordingly, the limited waiver

6

of sovereign immunity found in the FTCA does not apply, and this Court is without jurisdiction to consider Plaintiff's FTCA claims.

Finally, even though Plaintiff continues to assert claims under the Eighth Amendment in this FTCA action, "[c]onstitutional torts, of course, do not provide a proper predicate for an FTCA claim." *See Spotts*, 613 F.3d at 565 n.3 (citing *FDIC v Meyer*, 510 U.S. 471, 478 (1994)). Accordingly, any claims based upon the Eighth Amendment do not provide a basis for subject matter jurisdiction in this FTCA action.

IV. CONCLUSION

Accordingly, for the reasons explained in this Report and Recommendation, the undersigned recommends that the Motion to Dismiss [53] be granted pursuant to Fed. R. Civ. P. 12(b)(1), and that this case be dismissed for lack of subject matter jurisdiction. Because the undersigned recommends dismissal under Rule 12(b)(1), the Defendant's alternative basis of dismissal under Rule 12(b)(6) will not addressed.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served[2] with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 31st day of January, 2022.

/s/ F. Keith Ball                .
UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

7