UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JESSE JACKSON                                                                                          PLAINTIFF

V.                                                                      CIVIL ACTION NO. 3:18-CV-834-DPJ-FKB

WARDEN BRUCE E. BLACKMAN, ET AL.                                                           DEFENDANTS

ORDER

This matter is before the Court on the Report and Recommendation [64] of United States Magistrate Judge F. Keith Ball. Plaintiff Jesse Jackson brings claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C § 2675. R&R [64] at 1. He alleges that certain prison officials allowed unsanitary bathroom conditions to exist in his unit for several years, despite his verbal and administrative complaints. *Id.* at 2. The United States has moved to dismiss the matter under Federal Rule of Civil Procedure 12(b)(1) or, alternatively, 12(b)(6). Mot. [53].

"The United States enjoys sovereign immunity from suit, meaning it cannot be sued without consent." *Cascabel Cattle Co. v. United States*, 955 F.3d 445, 450 (5th Cir. 2020) (quoting *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017)). That consent is found in the FTCA, which "provides a waiver of sovereign immunity." *Id.* (citing 28 U.S.C. § 2680). As such, district courts have jurisdiction over claims for injuries "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b)(1); *accord* 28 U.S.C. § 2674.

There are, however, statutory exceptions to this waiver, one of which is the discretionary-function exception found in 28 U.S.C. § 2680(a). That section "withdraws the FTCA's waiver of sovereign immunity in situations in which, although a government employee's actions may have

been actionable under state tort law, those actions were required by, or were within the discretion committed to, that employee under federal statute, regulation, or policy." *Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010). The exception is jurisdictional, and thus the burden is on Jackson to establish that it does not apply. *Joiner v. United States*, 955 F.3d 399, 404 (5th Cir. 2020).

> Whether a government employee's actions fall within the discretionary function exception "involves two inquiries: (1) the conduct must be a matter of choice for the acting employee; and (2) the judgment [must be] of the kind that the discretionary function exception was designed to shield." If either one of these conditions is not met, the discretionary function exception fails to protect the United States from suit.

*M.D.C.G. v. United States*, 956 F.3d 762, 771–72 (5th Cir. 2020) (quoting *Tsolomon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016)).

Judge Ball correctly noted that "[u]nder 18 U.S.C. § 4042(a), the Federal Bureau of Prisons is required 'to provide for the safekeeping, care, and subsistence of all federal prisoners, but does not indicate the manner in which the duty must be fulfilled.'" R&R [64] at 5 (quoting *Spotts*, 613 F.3d at 567); *accord* 18 U.S.C. § 4042(a)(2). In other words, the statute affords prison officials discretion. *Id.* (first citing *Huff v. Neal*, 555 F. App'x 289, 298 (5th Cir. 2014); and then citing *Campillo v. U.S. Penitentiary Beaumont*, 203 F. App'x 555, 557 (5th Cir. 2006) (per curiam)). Surveying district-court decisions, Judge Ball concluded that Jackson's claims are barred by the discretionary-function exception. *Id.* at 5–6.

Jackson objects, arguing primarily that the discretionary-function exception does not give the United States license to do "nothing at all." Obj. [65] at 3. Specifically, he alleges that prison officials knew about his grievances yet failed to address them for more than seven years. *Id.* at 6. He therefore argues that the United States abandoned its duty, something it lacked discretion to do under § 4042(a)(2). *Id.* at 4–5 ("Defendant[] do[es] not have the discretion to do

2

nothing at all. . . . [Prison officials] do get to pick and choose what course of action to take. But they [have] to pick something.").

Jackson provides no caselaw, and this Court cannot find any, supporting an "abandonment" exception to the exception. Notably, the statute itself states that the discretionary-function exception applies to "[a]ny claim . . . based upon . . . *the failure to exercise or perform* a discretionary function or duty." 28 U.S.C. § 2680(a) (emphasis added). And, as Judge Ball's careful analysis indicates, courts in this Circuit have frequently applied the discretionary-function exception to shield prison officials from conditions-of-confinement challenges under the FTCA. R&R [64] at 5–6 (collecting cases). The discretionary-function exception applies.

Finally, Jackson discusses the Eighth Amendment in his objection, correctly noting that he cannot constitutionally be denied "the basic elements of hygiene." *Daigre v. Maggio*, 719 F.2d 1310, 1312 (5th Cir. 1983); *accord Hope v. Harris*, 861 F. App'x 571, 582–83 (5th Cir. 2021), *petition for cert. filed*, No. 21–1065 (U.S. 2022). But to the extent Jackson seeks recovery from individual officers for the alleged Eighth Amendment violations, the Court dismissed those claims when Jackson expressly abandoned them. *See* Order [43] at 4–5 (dismissing *Bivens* claims). Moreover, Jackson may not pursue those claims against the Government, because the United States has not abrogated its immunity for constitutional torts. R&R [65] at 7 (citing *Spotts*, 613 F.3d at 575).

In sum, Jackson had the burden of showing that the FTCA's discretionary-function exception is inapplicable. *Joiner*, 955 F.2d at 404. And because he failed to meet that burden, the Court adopts Judge Ball's recommendation in full. The Government's Motion [53] is

granted, and this case is dismissed. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

      **SO ORDERED AND ADJUDGED** this the 15th day of February, 2022.

                                            s/ *Daniel P. Jordan III*
                                            CHIEF UNITED STATES DISTRICT JUDGE